PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　*Plaintiff-Appellee,*

v.

CORY DEXTER FENNELL, a/k/a Ace,

　　　　　*Defendant-Appellant.*

No. 08-7238

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Louise W. Flanagan, Chief District Judge.
(5:04-cr-00440-FL-1)

Argued: December 3, 2009

Decided: January 21, 2010

Before KING, DUNCAN, and DAVIS, Circuit Judges.

Vacated and remanded by published opinion. Judge Davis wrote the opinion, in which Judge King and Judge Duncan joined.

## COUNSEL

**ARGUED**: G. Alan DuBois, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appel-

lee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Banumathi Rangarajan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

**OPINION**

DAVIS, Circuit Judge:

Following a guilty plea pursuant to a plea agreement, Cory Dexter Fennell ("Fennell") was convicted of one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Fennell was sentenced to 97 months imprisonment. After the adoption of Amendment 706 (i.e., the crack cocaine amendment) to the Sentencing Guidelines, Fennell sought resentencing, advocating for an 80-month sentence. The district court resentenced Fennell to 96 months, one month less than his original sentence, in the belief that 96 months was the lowest sentence that could be imposed.

Fennell appeals, contending that the district court misapprehended the scope of its discretion at the resentencing. We agree with Fennell, and for the reasons set forth below, we vacate Fennell's sentence and remand for resentencing.

I.

On April 18, 2005, Fennell pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846. This offense carries a statutory mandatory minimum sentence of ten years (120 months) imprisonment. 21 U.S.C. § 841(b)(1)(A). The

presentence report indicated that Fennell's offense level was 29 and that his criminal history category was IV, resulting in a guideline range of 121-151 months imprisonment.

During the sentencing hearing, the government moved for a departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553 based on Fennell's substantial assistance to the government. The district court granted the motion and sentenced Fennell to 97 months imprisonment. Fennell did not appeal his conviction or his sentence.

On May 1, 2008, Fennell filed a motion seeking a reduction of his sentence in light of the retroactivity of Amendment 706. In his motion, Fennell stated that his sentence represented approximately 20% of a downward departure from the bottom of his original guideline range (121 months). Fennell asked that the court comparably reduce his sentence by 20% from the bottom of the new guideline range, namely offense level 27, which he maintained was 100 to 125 months. A 20% reduction from 100 months would yield an 80-month sentence.

The resentencing report prepared by a probation officer indicated that Fennell's new total offense level was 27, but in light of the statutory minimum sentence for his offense, Fennell's guideline range would be 120-125 months, rather than the 100-125 months that Fennell proposed. The report noted that "[w]ere it not for the statutory impact . . . the guideline imprisonment range would have been 100 to 125 months." J.A. 16. The report concluded that a 20% reduction from the bottom of this new guideline range would yield a 96-month sentence, which is only one month less than Fennell's original sentence.

Fennell disagreed with the resentencing report, arguing that the 120-month statutory minimum was "waived" by virtue of the government's § 3553(e) motion. Therefore, according to Fennell, his guideline range would be 100-125 months. In the

alternative, Fennell suggested that the district court use a comparability analysis based on the *top* of the guidelines range recommended by the probation officer. Fennell's original sentence was a 36% departure from the top of his original guidelines. He suggested that the district court impose a new sentence that represents a 36% departure from the top of the new guidelines range (125 months), which would yield a sentence of 80 months.

During the resentencing hearing on July 9, 2008, the district court adopted the recommendation of the resentencing report. The district court noted that it had previously valued Fennell's substantial assistance at 20%; therefore, it imposed a comparable downward departure of 20% from the low end of Fennell's amended guidelines range. Fennell's counsel urged the court to make the reduction from the amended guidelines range of 100-125 months. The court, however, maintained that the bottom of Fennell's amended guidelines range was the 120-month statutory minimum sentence. Accordingly, the court imposed a 96-month sentence.

Fennell's counsel sought clarification from the court as to its reasons for departing only one month and the court responded that it thought it did not have the discretion to do otherwise:

> Mr. DuBois: Just one question, your Honor, just so I can report back to Mr. Fennell.
>
> Is it your ruling that this was a discretionary decision not to give more than a month, or that —
>
> The Court: No.
>
> Mr. DuBois: — or you felt like you did not have the authority to give more than one month?
>
> The Court: You know, I was couching it a little bit, but I just — these — I think that I don't have the dis-

cretion. I think Mr. Brasher's arguments about the impact of the 3553 motion and the way that — you know, how we got to a point where we could be considering a sentence below the statutory minimum is pretty compelling. And I think this probably falls in line with other judges, as well.

J.A. 9-10.

Fennell has appealed from the court's imposition of the 96-month sentence, contending that the district court's belief that it lacked discretion to impose a sentence below 96 months was erroneous.[1]

## II.

The propriety of the district court's determination that there was only one permissible method of calculating a reduction during resentencing is purely a question of law that we review *de novo*. *United States v. Legree*, 205 F.3d 724, 727 (4th Cir. 2000).

Sentencing courts have the power to reduce the sentence of a defendant who has been sentenced based on a Sentencing Guidelines range that has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). This reduction is applicable in crack cocaine cases after Amendment 706 retroactively reduced the base offense level for most crack-

---

[1] We note that Fennell does not challenge on appeal the district court's finding that the appropriate guideline range was 120-125 months as a result of the mandatory statutory minimum. Indeed, this finding is consistent with the guidelines, which dictate that where the statutory minimum is greater than the bottom of the range, the statutory minimum becomes the bottom of the range. *See* U.S.S.G. § 5G1.1(c); *see also United States v. Rast*, 293 F.3d 735, 739-40 (4th Cir. 2002) ("Under the Guidelines, when the statutory minimum sentence is greater than the minimum sentence of the Guidelines range, the district court must impose a sentence not less than the statutory minimum.").

cocaine cases by two levels. U.S.S.G. § 1B1.10(c), p.s. Where a defendant's sentence was within the guideline range applicable at the time of the original sentencing, 18 U.S.C. § 3582(c)(2) precludes a downward departure below the amended guideline range. *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009), *cert. denied*, 129 S. Ct. 2401 (2009). On the other hand, where the original sentence falls below the original guideline range, § 3582(c)(2) does not preclude a downward departure below the amended guideline range.

Moreover, a district court may depart from the statutory minimum sentence in any instance in which the government has moved for a departure pursuant to § 3553(e). Section 5K1.1 of the Sentencing Guidelines gives the sentencing judge discretion to award an "appropriate reduction" consistent with the non-exclusive list of factors, all related to the nature and quality of a defendant's assistance. *See* U.S.S.G. § 5K1.1; *United States v. Pearce*, 191 F.3d 488, 492 (4th Cir. 1999) (holding that under § 5K1.1, a sentencing court may only consider the "nature, extent, and significance" of the defendant's assistance).

This court has never held that a sentencing court must use a specific method in calculating a § 5K1.1 departure. *See United States v. Lindsey*, 556 F.3d 238, 245 (4th Cir. 2009) (explaining that a sentencing court may use a lower offense category, a percentage-based departure or a flat number of months to depart based on substantial assistance). Rather, a sentencing court need only articulate its reasons for departing as it did. *See United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

In this case, it is evident that the district court did not believe that, during resentencing, it had discretion to use a method other than the precise one apparently used at the initial sentencing in calculating a sentence reduction under Amendment 706. ("I think that I don't have the discretion." J.A. 28.). This mistaken belief constitutes reversible proce-

dural error. Sentencing courts are not bound to use one specific method in reducing a defendant's sentence. In *Lindsey*, 556 F.3d at 245-46, we explained that a sentencing court may use a lower offense category, a percentage, or a flat number of months, to calculate a departure based on substantial assistance. We now hold that these same methods, or any other reasonable method that results in a comparable reduction, are available to a sentencing court during a resentencing held pursuant to 18 U.S.C. § 3582(c)(2).

Indeed, a sentencing court may use any reasonable method in calculating a downward departure during resentencing and is not limited by any specific method previously used. There are several reasons for allowing flexibility in calculating a reduction. First, the plain language of the Sentencing Guidelines provides for flexibility. The Guidelines state that, where "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing," the defendant may receive a "reduction comparably less than the amended guideline range" in a § 3582(c)(2) proceeding. U.S.S.G. § 1B1.10(b)(2)(B), p.s.

The application notes to § 1B1.10 explain the percentage-based method as an example of a comparable reduction:

> For example, in a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the mini-

mum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

This provision, however, does not state that a percentage-based method of departing is the only permissible method. Nor does it preclude the use of other methods.

The Guidelines do not state that only an *identical* departure is permissible. *See United States v. Flores*, 2008 WL 2941242, at *3 (S.D.N.Y. July 30, 2008). The Guidelines simply require a *comparable* reduction. Nothing in the Sentencing Guidelines requires mathematical precision. And, although the percentage-based method is the only method listed as an example of a comparable departure in the Guidelines, the Guidelines themselves and indeed, this court, do not preclude the use of any other method.

Second, as a practical matter, a defendant may not have the same judge at sentencing and resentencing, and the latter may not be aware of the method employed by the former. Thus, it would be wholly impractical, even futile in many instances, to require the identical method for both. Even the same judge may forget the method she employed during the original sentencing. Here, for instance, the district court stated that "the Court valued [Fennell's] assistance at about 20%, and took it down from *presumably* the low end to 97 months." J.A. 20 (emphasis added).

Third, allowing flexibility in sentence reductions is important because different districts within this circuit employ different methods. In the Southern District of West Virginia, for example, sentencing judges use a percentage-based method. *See*, *e.g.*, *United States v. Green*, 2008 WL 1757787, at *1 n.1 (S.D. W. Va. Apr. 16, 2008) (50% reduction); *United States v. Caldwell*, 2008 WL 1443290, at *1 (S.D.W.Va. Apr. 9, 2008) (42.8% reduction). In contrast, District of Maryland

judges customarily depart by offense levels. In *Lindsey*, we discussed the Western District of North Carolina's method of departing, which used offense levels as well. 556 F.3d at 245. Other districts, and individual judges within a district, no doubt employ a myriad of methodologies. We have never required homogeneity and we do not require it now.

Finally, 18 U.S.C. § 3582(c)(2) provides sentencing courts exceptional authority to reduce sentences. *United States v. Hood*, 556 F.3d 226, 232 (4th Cir. 2009). A sentence reduction that is "consistent with applicable policy statements issued by the sentencing commission," 18 U.S.C. § 3582(c)(2), is valid. A sentencing court has discretion to give a reduction based on the revised sentencing range, calculated by any reasonable means, so long as it yields a new sentence congruent with the policy statements of the Guidelines.[2]

Here, Fennell candidly concedes that the district court properly gave a *comparable* reduction, and we agree. The district court erred, however, when it determined that it was bound to use the *identical* percentage-based reduction method that apparently was employed at the initial sentencing. To the contrary, the district court was entitled, in exercising its discretion, to use any of the reasonable methods — such as those we have described in *Lindsey* — to calculate a sentence comparable to that previously imposed, in light of the purpose and effect of Amendment 706.

### III.

For the foregoing reasons, we vacate Fennell's sentence and remand this case to the district court for resentencing.

*VACATED AND REMANDED*

---

[2]Of course, the sentencing court's authority to modify a sentence pursuant to subsection (c)(2) is not limitless; rather, the sentencing court must apply the revised guideline range. *See Dunphy*, 551 F.3d at 250 (stating that, under 18 USCS § 3582(c), a reduction below the amended guideline range is prohibited when the original sentence was within the original guideline range).