**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6672**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

GREGORY FLETCHER,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:04-cr-00093-LHT-DLH-4)

Submitted:  June 30, 2010              Decided:  July 19, 2010

Before NIEMEYER, DUNCAN, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Gregory Fletcher, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Fletcher appeals the district court's order denying his 18 U.S.C. § 3582(c) (2006) motion for a sentence reduction. We vacate the district court's order and remand.

At Fletcher's original sentencing for possession with intent to distribute fifty grams or more of cocaine base, his advisory guidelines range was 121 to 151 months of imprisonment, and Fletcher was subject to a statutory mandatory minimum term of 120 months of imprisonment. See 21 U.S.C.A. § 841(b)(1)(A) (2006 & West Supp. 2009). The Government, however, moved for a downward departure below the statutory mandatory minimum based on substantial assistance pursuant to 18 U.S.C. § 3553(e) (2006) and U.S. Sentencing Guidelines Manual ("USSG") § 5K1.1 (2009). Based on the Government's motion, the district court sentenced Fletcher to 100 months of imprisonment.

Fletcher thereafter filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking a sentence reduction based on Amendment 706 to the guidelines, which lowered the offense levels for drug offenses involving cocaine base. See USSG § 2D1.1(c); USSG App. C Amends. 706, 711, 715. The district court correctly concluded that Fletcher's amended guidelines range was 120 to 125 months of imprisonment. The court also concluded, however, that it did not have the authority to further reduce Fletcher's sentence because of the statutory

2

mandatory minimum of 120 months of imprisonment.  In an appeal decided after the district court denied Fletcher's motion, we concluded in a case with similar facts that a defendant originally sentenced below the statutory mandatory minimum on account of substantial assistance was not precluded from receiving discretionary relief pursuant to Amendment 706.  <u>See United States v. Fennell</u>, 592 F.3d 506 (4th Cir. 2010).

Accordingly, in light of <u>Fennell</u>, we vacate the district court's order and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>