**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-7908**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH O. LANGLEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Louise W. Flanagan, Chief District Judge.   (4:04-cr-00073-FL-1)

———————

Submitted:  August 10, 2010          Decided:  October 1, 2010

———————

Before TRAXLER, Chief Judge, and MICHAEL[*] and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Keith Alan Williams, KEITH A. WILLIAMS, PA, Greenville, North Carolina, for Appellant.   Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

---

[*]  The opinion is filed by a quorum pursuant to 28 U.S.C. § 46(d).  Judge Michael did not participate.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Langley filed a petition seeking rehearing of our opinion affirming the district court's grant of Langley's 18 U.S.C. § 3582(c)(2) (2006) motion. In his petition, Langley asserted that, in affirming the district court's order, we overlooked a case we had recently returned to the oral argument calendar, United States v. Fennell, No. 08-7238. We granted Langley's petition for panel rehearing on July 26, 2010. Because an understanding of the procedural history of Fennell is necessary to determination of this petition, we outline it here:

Fennell pled guilty to one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base. See United States v. Fennell, 592 F.3d 506, 507 (4th Cir. 2010). Fennell's offense level was originally calculated at twenty-nine, with a criminal history category of IV, resulting in a guidelines range of 121 to 151 months' imprisonment. Id. The Government moved for a downward departure under U. S. Sentencing Guidelines Manual (USSG) § 5K1.1, p.s. and 18 U.S.C. § 3553 (2006), based on Fennell's substantial assistance to the Government. The district court granted the motion, and sentenced Fennell to ninety-seven months' imprisonment. Id. Fennell later filed an 18 U.S.C. § 3582(c)(2) motion seeking to receive the benefit of Amendment 706 to the guidelines. Id. In his motion, Fennell argued that

3

his actual sentence represented approximately a twenty percent downward departure from the bottom of his original guideline range of 121 months. Id. Fennell requested a comparable reduction of twenty percent from the new guideline range yielded by his new offense level of twenty-seven, which Fennell suggested was 100 to 125 months. Id.

In the resentencing report, the probation officer agreed that Fennell's new total offense level was twenty-seven, but, in light of the statutory minimum sentence for his offense, Fennell's new guideline range would be 120 to 125 months, rather than the 100 to 125 month range proposed by Fennell. Fennell, 592 F.3d at 507-08. The report concluded that a twenty percent reduction from the bottom of the new guideline range would yield a ninety-six month sentence, only one month less than Fennell's original sentence. Id. at 508.

Fennell disagreed with the probation officer's recommendation, again contending that the appropriate guideline range was 100 to 125 months. Fennell, 592 F.3d at 508. Alternatively, Fennell argued that the district court could perform a comparability analysis based on the top of the guidelines range recommended by the probation officer. Fennell's original sentence was a thirty-six percent reduction from the top of his original 125 to 151 month guideline range; a thirty-six percent reduction from the top of the new guideline

4

range of 120 to 125 months would yield a sentence of eighty months' imprisonment. Id.

The district court adopted the recommendation of the resentencing report, granted Fennell's motion, and limited his reduction in sentence to one month, for a reduced sentence of ninety-six months' imprisonment. Fennell, 592 F.3d at 508. In explaining the basis for its sentence, the district court stated that it did not believe it had the discretion or authority to grant a reduction greater than one month, as this number was twenty percent less than the bottom of Fennell's new guideline range of 120 to 125 months' imprisonment, which resulted from the statutorily prescribed ten-year minimum imprisonment term. Id. Fennell appealed, contending that the district court erred in determining that it lacked the discretion to sentence Fennell below ninety-six months' imprisonment. Id. We calendared the case for oral argument.

In his timely rehearing petition, Langley argued that due to the similarities between the two cases — both offenses carried a statutory minimum of ten-years imprisonment, both defendants' § 3582(c)(2) reductions were limited to one month, and the same judge presided over both cases — we should vacate our opinion and place his appeal in abeyance pending the outcome of Fennell. We agreed in part and deferred consideration of Langley's rehearing petition pending our decision in Fennell;

5

however, we declined at that point to vacate our earlier opinion. Following issuance of this court's decision in Fennell, Langley's case has been removed from abeyance, and his petition for panel rehearing was granted. His arguments on rehearing are accordingly now ripe for review.

In Fennell, we first noted that Fennell did not challenge on appeal the district court's finding that Fennell's amended guideline range was 120 to 125 months' imprisonment. Nevertheless, we determined that the district court correctly calculated the appropriate amended guideline range, based on the 120 month statutory minimum sentence faced by Fennell. See Fennell, 592 F.3d at 508 n.1. Thus, to the extent that Langley argues that the district court should have disregarded the 120 month mandatory minimum and found that his amended guideline range was 97 to 121 months, this argument is without merit.

However, the remaining issues raised by Langley may afford him some relief, in light of our holding in Fennell. In Fennell, we concluded that the district court erred in determining that there was only one permissible method of calculating a sentence reduction under § 3582(c)(2). 592 F.3d at 509. Instead, we held that "a sentencing court may use any reasonable method in calculating a downward departure during resentencing and is not limited by any specific method previously used." Id. Therefore, the district court erred when

6

it found that "it was bound to use the identical percentage-based reduction method that apparently was employed at the initial sentencing." Id. at 511 (emphasis omitted).

Because the district court did not hold a resentencing hearing prior to granting Langley's § 3582(c)(2) motion, it is impossible to know whether the district judge, in granting Langley's motion, limited her reduction to one month on the erroneous belief that she did not have the authority to use an alternate method to calculate a comparable reduction to Langley's sentence. However, the fact the district judge expressed this view only two months prior to Langley's resentencing — when she resentenced Fennell — strongly suggests this to be the case. Accordingly, we vacate Langley's sentence and remand for resentencing consistent with United States v. Fennell, 592 F.3d 506 (4th Cir. 2010). In light of this disposition, we deny Langley's motion to expedite.

In so doing, we wish to emphasize that we offer no opinion as to the particular method to be utilized by the district court when calculating an Langley's amended sentence on remand, or the appropriate outcome of that proceeding. Instead, we remand to allow the district court to exercise its discretion "to use any of the reasonable methods . . . to calculate a sentence comparable to that previously imposed, in light of the purpose and effect of Amendment 706." Id.

7

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>