**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-7466**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

SHANNON VONTREAL SCOTT,

              Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:05-cr-00078-FL-1)

———————

Submitted:  March 14, 2011         Decided:  April 7, 2011

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Shannon Vontreal Scott, Appellant Pro Se.  Jennifer P. May-Parker, Rudolf A. Renfer, Jr., Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Vontreal Scott appeals from the district court's order granting his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence based upon the 2007 and 2008 crack cocaine amendments to the U.S. Sentencing Guidelines Manual ("USSG") (2006). The district court granted the motion, reducing Scott's sentence by one month. Scott filed a timely notice of appeal, and he argues that the district court should have reduced his sentence below his Guidelines range by the same percentage it departed below his original range. We affirm.

We review an order granting or denying a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A district court abuses its discretion if it fails or refuses to exercise discretion, or if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (citing James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993)).

Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10(c), p.s. (2010). Amendment 706 of the Guidelines lowered the offense levels for drug offenses involving certain

2

amounts of crack cocaine. Under Amendment 706, a defendant whose offense of conviction involved crack cocaine is eligible for a reduced sentence only if the Amendment lowers his applicable Guidelines range. United States v. Lindsey, 556 F.3d 238, 244 (4th Cir.), cert. denied, 130 S. Ct. 182 (2009); see also USSG § 1B1.10(a)(2)(B), p.s. "[T]he decision about whether to reduce a sentence is discretionary on the part of the district court." United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

The Guidelines provide that, where the original term of imprisonment imposed was below a defendant's Guidelines range, "a reduction comparably less than the amended guideline range" may be appropriate following a successful 18 U.S.C. § 3582(c)(2) motion. USSG § 1B1.10(b)(2)(B). In United States v. Fennell, 592 F.3d 506 (4th Cir. 2010), we found that the district court committed reversible procedural error where it believed it was required to depart from a defendant's amended Guidelines range using the same methodology with which it departed from the original Guidelines range. Id. at 509. Here, there is no evidence that the district court believed it lacked authority to calculate the departure using a different method.

Accordingly we affirm the judgment of the district court. We dispense with oral arguments because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED