**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-8310**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CORWIN TYRELL WOODSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, Chief
District Judge.  (3:94-cr-00079-JRS-10)

Submitted:  March 22, 2011              Decided:  June 2, 2011

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Dismissed in part, vacated and remanded in part by unpublished
per curiam opinion.

Corwin Tyrell Woodson, Appellant Pro Se. James Brien Comey, Jr.,
Norman Scott Sacks, OFFICE OF THE UNITED STATES ATTORNEY,
Richard Daniel Cooke, Stephen Wiley Miller, Assistant United
States Attorneys, Richmond, Virginia; William Neil Hammerstrom,
Jr., Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corwin Tyrell Woodson appeals from the district court's orders denying his 18 U.S.C. § 3582(c)(2) (2006) motion and his motion for reconsideration. Woodson sought application of Amendment 706 to the Guidelines, which lowered the offense levels for drug offenses involving crack cocaine. We vacate the denial of Woodson's § 3582 motion and remand for further consideration. We dismiss the appeal of the motion for reconsideration.

The district court denied Woodson's § 3582 motion, finding that Woodson had previously received a departure resulting in a sentence 84-months below the low end of the applicable Guidelines range. The court noted that this departure was a result of the consideration of the disparity between crack and powder cocaine and concluded that the "84[-]month reduction given then exceeds the reduction available to the Defendant under the retroactive amendments."

On appeal, Woodson asserts that the district court improperly found that he was not eligible for a sentence reduction. Pursuant to U.S. Sentencing Guidelines Manual § 1B1.10 (2010), when a defendant's applicable Guidelines range has been lowered by an amendment to the Guidelines, the district court may reduce the defendant's term of imprisonment pursuant to § 3582. In determining the extent of that reduction, that

2

section provides that a court may not reduce a defendant's term of imprisonment under § 3582 below the minimum of the amended Guidelines range unless the original term of imprisonment was also below the original Guidelines range.  USSG § 1B1.10(b)(2). The commentary to that section provides "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subsection (b)(1) may be appropriate."  See USSG § 1B1.10 cmt. n.1(B)(3).

Here, the district court stated that the 84-month reduction given at Woodson's resentencing exceeded the reduction available to Woodson under the retroactive amendments.  However, under USSG § 1B1.10, Woodson was eligible for a reduction down to a sentence "comparably less" than 262 months, the bottom of the amended Guidelines range.  The determination of a "comparably lower" sentence may be determined by using a lower offense category, a percentage, a flat number of months to calculate the reduction, or any other reasonable method.  See United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010). Under each of these methods, Woodson would have been eligible for a reduction below 240 months.  Accordingly, the district court erred by ruling that Woodson's 240-month sentence "exceed[ed] the reduction available."  Thus, while the district

3

court was not required to grant Woodson's motion for a sentence reduction, it was error to conclude that Woodson was ineligible for a potential reduction. For this reason, we vacate the district court's order and remand for further proceedings.

Turning to Woodson's appeal from the denial of his motion for reconsideration, Federal Rule of Criminal Procedure 35(a) authorizes a district court, "[w]ithin [fourteen] days after sentencing," to reconsider a sentence, but only if reconsideration is necessary to correct an "arithmetical, technical, or other clear error." See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 130 S. Ct. 3530 (2010). If a criminal defendant seeks modification of his sentence under 3582(c)(2), however, we have recognized that, because the defendant had an opportunity to persuade the district court to modify his sentence pursuant to § 3582, the defendant is obligated to appeal an unsatisfactory result rather than ask the district court to reconsider its denial. See id. at 236. Thus, the district court was without jurisdiction to determine whether Woodson provided adequate grounds for reconsideration.

Based on the foregoing, we dismiss Woodson's appeal from the denial of his motion for reconsideration. We vacate the district's order denying Woodson's § 3582 motion and remand for further proceedings. We express no opinion on Woodson's

4

remaining claims on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>