**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-6167**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ADRIAN HOWARD JACKSON, a/k/a Dexter,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., District Judge.  (0:98-cr-01126-JFA-2)

─────────

Submitted:  May 18, 2012          Decided:  May 24, 2012

─────────

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Adrian Howard Jackson, Appellant Pro Se.  Marshall Prince, II, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Howard Jackson appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for a reduction in sentence pursuant to Amendment 750 of the Sentencing Guidelines. The district court determined that Jackson was sentenced to the statutory mandatory minimum of 240 months imprisonment and he was, therefore, not eligible for a reduction in sentence based on Amendment 750. For the reasons that follow, we vacate the district court's order denying a reduction and remand for further consideration.

In 2000, Jackson was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of Title 21 U.S.C.A. §§ 841(a)(1), (b)(1)(C), 846 (West 1999 & Supp. 2011) (Count One), and conspiracy to provide firearms for use during drug trafficking crimes, 18 U.S.C. § 924(c), (o) (2006) (Count Two). In the presentence report (PSR), applying U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (1998), the probation officer recommended a base offense level of 38 on Count One, based on more than 1.5 kilograms of crack. Coupled with a four-level adjustment for his role in the offense, Jackson's total offense level was 42. With Jackson's criminal history category at I, the probation officer calculated a Guidelines range of 360 months to life imprisonment on Count One. However, because

2

Jackson's maximum statutory exposure was 240 months' imprisonment, his Guidelines range became 240 months. Count Two mandated a 60-month consecutive sentence. Accordingly, the district court sentenced Jackson to 300 months' imprisonment.

In August 2005, the Government filed a motion pursuant to Fed. R. Crim. P. 35(b) to reduce Jackson's sentence based on his substantial assistance. The district court granted the motion and reduced Jackson's sentence by 48 months (twenty percent), resulting in a sentence of 252 months' imprisonment (192 months on Count One and 60 months on Count Two).

In November 2011, Jackson filed the subject § 3582(c)(2) motion for reduction of sentence, seeking the benefit of Guideline Amendment 750, which recently lowered the base offense levels applicable to most offenses involving crack cocaine. The district court denied Jackson's motion on the ground that Jackson was sentenced to "the statutory mandatory minimum of 240 months' imprisonment" and, therefore, "[w]hatever changes Amendment 750 might authorize in the underlying base offense level calculations, those Guideline changes cannot alter the ultimate statutory floor of 20 years imprisonment set by Congress." In doing so, the district court erroneously converted the twenty-year ceiling applicable to Jackson into a floor.

Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2). In the context of Amendment 750, a defendant whose offense of conviction involved crack cocaine is eligible for a reduced sentence only if the amendment lowers the defendant's applicable Guideline range. See United States v. Lindsey, 556 F.3d 238, 244 (4th Cir. 2009).

Under Amendment 750, the base offense level for offenses involving 1.5 kilograms or less of crack is now level 34. Adding the four-level enhancement for his role in the offense, Jackson's amended offense level is 38. His amended Guidelines range is 235-293 months; however, because of the statutory maximum of 240 months, his Guidelines range under the new amendment effectively becomes 235-240 months. USSG § 2D1.1(c)(1) (2011). Application of Amendment 750 to Jackson results in a sentencing range that is lower than the range applicable before Amendment 750. Therefore, a reduction in Jackson's sentence is authorized under § 3582(c)(2).

In United States v. Stewart, 595 F.3d 197 (4th Cir. 2010), we held that the "original term of imprisonment" means "the sentence the defendant is serving at the time he makes his

4

section 3582(c)(2) motion." Id. at 202. Thus, "when a defendant is serving a below-guidelines sentence as a result of a Rule 35 motion by the government, if the defendant makes a motion under section 3582(c)(2), his sentence may be further reduced comparable to the previous reduction received." Id. at 203. Here, the district court erroneously concluded that Jackson was serving a statutory mandatory minimum sentence as opposed to a statutory maximum sentence and, therefore, did not believe it had the authority to lower Jackson's sentence. Because the district court mistakenly concluded that it was not so authorized, we vacate the district court's order and remand to the district court for a determination of whether a reduction should be applied in Jackson's case.[*] We dispense with oral argument because the facts and legal contentions are

---

[*] We determine in this opinion that a reduction is authorized; we express no opinion as to whether a reduction in Jackson's sentence is warranted. See United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010) (providing that determination of whether to grant reduction of sentence authorized under Amendment 706 is within discretion of the district court judge); see also United States v. Fennell, 592 F.3d 506, 511 (4th Cir. 2010) (noting remand allows the district court to exercise its discretion "to use any of the reasonable methods . . . to calculate a sentence comparable to that previously imposed, in light of the purpose and effect of Amendment 706").

adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED