**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6289**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DELVIN ROE, a/k/a D-Roe,

             Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., District
Judge.  (3:07-cr-01014-JFA-4)

---

Submitted:  June 5, 2012              Decided:  June 12, 2012

---

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Delvin Roe, Appellant Pro Se.  Stanley Duane Ragsdale, Jane
Barrett Taylor, Assistant United States Attorneys, Columbia,
South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delvin Roe appeals the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). We review a district court's ruling on a 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). We affirm.

In 2009, Roe pleaded guilty, pursuant to a plea agreement, to one count of participating in a conspiracy to possess with intent to distribute fifty or more grams of cocaine base and five or more kilograms of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), 846 (West 2006 & Supp. 2011). Roe's advisory Guidelines range would have been 188 to 235 months but for the statutory mandatory minimum sentence of twenty years. Thus, Roe's Guidelines range was 240 months. On the Government's motion, the district court granted Roe a substantial assistance departure under the United States Sentencing Commission's Guidelines Manual ("USSG") § 5K1.1 (2008) and sentenced Roe to 151 months in prison.

Roe's 18 U.S.C. § 3582(c)(2) motion sought a sentence reduction based on Amendment 750 to the Guidelines. Guidelines Amendment 750 revised the offense levels applicable to certain cocaine base quantities under USSG § 2D1.1(c). The district court found that Amendment 750 did not affect Roe because Roe's

2

Guidelines calculation was made based on the twenty-year mandatory minimum sentence.

On appeal, Roe contends that he is eligible for a sentence reduction because he was sentenced below the statutory minimum based on a substantial assistance departure. Section 3582(c)(2) grants sentencing courts "the power to reduce the sentence of a defendant who has been sentenced based on a Sentencing Guidelines range that has been subsequently lowered by the Sentencing Commission." United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010). "Where a defendant's sentence was within the guideline range applicable at the time of the original sentencing, 18 U.S.C. § 3582(c)(2) precludes a downward departure below the amended guideline range," but "where the original sentence falls below the original guideline range, § 3582(c)(2) does not preclude a downward departure below the amended guideline range." Id. Where a defendant was originally sentenced below the Guidelines range, the Guidelines call for a § 3582(c)(2) reduction that is "comparably less" than the amended Guidelines range. Fennell, 592 F.3d at 509-10 (citing USSG § 1B1.10(b)(2)(B), p.s.).

But for the mandatory minimum, Amendment 750 would have lowered Roe's Guidelines range. However, Roe cannot escape the reality that his Guidelines range was not affected by Amendment 750 because of the mandatory minimum sentence.

3

Moreover, the record reflects that the sentencing court based its substantial assistance departure on the 240-month Guidelines range, not on the lower range calculated via USSG § 2D1.1(c). Because Amendment 750 had no effect on either Roe's Guidelines range or on the extent of the departure from that range, we find no error in the district court's denial of Roe's § 3582(c)(2) motion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED