**UNITED STATES of America**

v.

**Ivan Rodolfo Campaz RIASCOS.**

**Case No. 8:12–cr–275–T–27AEP**

United States District Court,
M.D. Florida,
Tampa Division.

Signed 01/25/2016

---

**145.** *Jones*, 286 P.3d at 305 (internal quotation marks and citation omitted, alterations in original).

**146.** *Callioux*, 745 P.2d at 842.

**147.** Motion at 21 ¶ 51. Undisputed by PHOA. Opposition at 19 ¶ 51.

**148.** *Prince*, 56 P.3d at 535.

**149.** Motion for Summary Judgment ("Motion"), docket no. 30, filed October 13, 2015.

Maria Chapa Lopez, US Attorney's Office, Tampa, FL, for United States of America.

## ORDER

JAMES D. WHITTEMORE, United States District Judge

**BEFORE THE COURT** is Defendant's Motion for Clarification (Dkt. 121) and Motion To Extend Time to File Notice of Appeal (Dkt. 122).[1] Upon consideration, the Motion for Clarification (Dkt. 121) is DENIED. Notwithstanding, an explanation of the order reducing Defendant's sentence (Dkt.119) is provided.[2] Defendant's Motion to Extend Time to File Notice of Appeal (Dkt. 122) is DENIED as moot.

The parties agree that Defendant is entitled to a reduction of his original sentence under Amendment 782 to the United States Sentencing Guidelines, and that his amended guidelines range is 108 to 135 months. *See* 18 U.S.C. § 3582(c)(2). They disagree on the method of calculating a comparable reduction based on his substantial assistance. *See* USSG § 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range ... may be appropriate.").

At sentencing, the Government moved for a downward departure based on substantial assistance and recommended a *two level* reduction in Defendant's offense level pursuant to USSG § 5K1.1 (Dkt. 69). The

---

1. Contrary to the mandate of Local Rule 3.01(a), Defendant failed to include a memorandum of legal authority in support of his motion. In the future, motions which fail to comply with the Local Rules will be stricken.

2. An order should sufficiently explain the ruling to provide the appellate court with an opportunity to conduct a meaningful review. *Danley v. Allen,* 480 F.3d 1090, 1091 (11th Cir.2007).

motion for downward departure was granted, and Defendant's original guideline range was reduced *two levels* based on substantial assistance (Dkt. 73). This Circuit has recognized that a substantial assistance departure may be calculated in levels. *See United States v. Livesay,* 525 F.3d 1081, 1087 (11th Cir.2008). A *comparable* reduction under USSG § 1B1.10(b)(2)(B), therefore, may be based on guideline levels, the methodology this court used.

■ A district court has discretion to determine the extent of a downward departure under § 5K1.1 and the methodology used. *United States v. Hayes,* 762 F.3d 1300, 1303 (11th Cir.2014) ("Because § 5K1.1 is silent as to the methodology to be used in determining the extent of a substantial assistance departure, the government has discretion in recommending a methodology, and the district court has discretion in deciding what methodology to use once it grants a motion for departure."), *quoting United States v. Senn,* 102 F.3d 327, 332 (7th Cir.1996):

> Once the sentencing court decides to depart downward, it in turn may quantify the assistance the defendant provided by a simple numerical reduction in the offense level or by a percentage reduction of the total sentence; both methods (and perhaps others we do not consider here) are tools that appropriately recognize the rationale of the guidelines—that the reduction should reflect accurately the assistance that the defendant has rendered to the government.

■ It follows, and Defendant acknowledges, that a district court has discretion to determine the methodology to use in calculating a "comparable" substantial assistance reduction under USSG § 1B1.10(b)(2)(B). *See United States v. Fennell,* 592 F.3d 506, 509 (4th Cir.2010) (sentencing court may use a lower offense category, a percentage, or a flat number of months, to calculate a departure based on substantial assistance, and "these same methods, or any other reasonable method that results in a comparable reduction, are available to a sentencing court during a resentencing held pursuant to 18 U.S.C. § 3582(c)(2)").

Further, the plain language of § 1B1.10(b)(2)(B) provides for "flexibility" in calculating a comparable reduction. *Id.*[3] And although the application notes to § 1B1.10(b)(2)(B) use a percentage-based method of departing in examples, they do not mandate that a percentage-based reduction is the exclusive method of calculating a comparable reduction. *Id.*[4]

> The Guidelines simply require a *comparable* reduction. Nothing in the Sentencing Guidelines requires mathematical precision. And, although the percentage-based method is the only method listed as an example of a comparable departure in the Guide lines, the Guidelines themselves and indeed, this court, do not preclude the use of any other method. (emphasis in original).

*Fennell,* 592 F.3d at 510.

"The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines. Under that section, Defendant has an opportunity to *receive the same sentence he*

---

**3.** *United States v. Pompey,* 17 F.3d 351, 354 (11th Cir.1994) (stating that the "language in the Sentencing Guidelines is to be given its plain and ordinary meaning").

**4.** The guidelines are to be interpreted "in light of the corresponding Commentary and

Application Notes, which 'are binding on the courts unless they contradict the plain meaning of the text of the Guidelines.'" *United States v. Kinard,* 472 F.3d 1294, 1297 (11th Cir.2006).

*would have received* if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment." *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir.2012) (emphasis added).

█ A two level departure from Defendant's amended guidelines range based on substantial assistance, consistent with the Government's original recommendation, results in the same sentence he would have received if the new guidelines had been in effect when he was originally sentenced.[5]

**DONE AND ORDERED** this *25th* day of January, 2016.

---

**5.** The United States Probation Office determined that a comparable reduction under either a percentage-based or level based methodology would essentially be the same. *See* Dkt. 96 ("2 levels pursuant to USSG § 5K1.1 (a comparable departure would result in a 87 to 108 month imprisonment range). Considering a comparable 20% reduction would result in a permissible sentence of 86 months.")

Defendant's requested 27 month reduction would equate to a 3 level departure, or a 25% departure, neither of which would be comparable to the original 2 level departure.