PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MAURICE ANTHONY STEWART, a/k/a
Marlon Stewart, a/k/a Jamaican
Al,

*Defendant-Appellant.*

No. 08-6575

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(7:02-cr-00086-sgw-3)

Argued: December 3, 2009

Decided: February 17, 2010

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Vacated and remanded by published opinion. Judge Gregory
wrote the opinion, in which Judge Michael and Judge Motz
joined.

## COUNSEL

**ARGUED**: Robert F. Rider, ROBERT F. RIDER, PLC, Roa-
noke, Virginia, for Appellant. Adam Benjamin Spencer,

OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Julia C. Dudley, United States Attorney, Roanoke, Virginia; Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

## OPINION

GREGORY, Circuit Judge:

In 2002, Maurice Anthony Stewart ("Stewart") was convicted of conspiracy to possess cocaine base and sentenced to 235 months. His sentence was subsequently reduced by forty-eight months to 187 months total after the government made a Federal Rule of Criminal Procedure 35 ("Rule 35") motion based on his substantial assistance. On February 20, 2008, Stewart filed a motion pursuant to 18 U.S.C. § 3582(c)(2), asking the court to reduce his sentence in line with Amendment 706 to the sentencing guidelines which modified the offense levels for cocaine base sentencing. The district court considered his motion and refused to reduce his sentence any further because his 187-month sentence was one month below the low end of the guidelines range under the amendment. On appeal, Stewart argues the district court erred because he was entitled to have a reduction in his sentence proportional to the reduction he previously received for his substantial assistance to the government.[1] We agree that the district court should

---

[1]We have encountered this same situation in two cases that resulted in unpublished, per curiam opinions. *See United States v. Russell*, 322 Fed. App'x 346 (4th Cir. 2009); *United States v. Farabee*, 316 Fed. App'x 258 (4th Cir. 2009). Both of those cases, citing *United States v. Dunphy*, 551 F.3d 247 (4th Cir. 2009), held that the district court lacked authority to consider sentences below the amended guidelines even though the district court had previously granted a Rule 35 reduction for substantial assistance. Unpublished opinions have no precedential value in our Circuit, and for the reasons that follow in this opinion, we decline to follow their holdings.

have considered the reduction he previously received for his cooperation when evaluating the section 3582(c) motion, and therefore we vacate and remand the case to the district court.[2]

## I.

On September 18, 2002, Stewart was indicted, along with three co-defendants, for his role in a conspiracy to distribute cocaine base in the Roanoke, Virginia area. He was charged with conspiracy to possess with intent to distribute more than fifty grams of cocaine base, possession with intent to distribute more than fifty grams of cocaine base, and criminal forfeiture. On December 2, 2002, Stewart pled guilty to Count One of the indictment pursuant to a plea agreement with the government. In return for his plea of guilty, Stewart received a recommended sentence at the low end of the guidelines range and the chance to earn a substantial assistance motion from the government to reduce that sentence at a later date. Stewart was subsequently sentenced on May 15, 2003, to a term of 235-months imprisonment and five years of supervised release. At the time of his sentencing with his offense level of thirty-seven, the guidelines range for Stewart's sentence was between 235 and 293 months.

On November 16, 2007, the government made a motion pursuant to Rule 35 recommending that Stewart's sentence be reduced by forty-eight months as a result of his substantial assistance to the government. The motion described how Stewart had helped prevent a murder for hire scheme in another district and had cooperated in the prosecution of the

---

[2]Stewart additionally argues that under our precedent in *United States v. Carter*, 564 F.3d 325 (4th Cir. 2009), the denial of his motion to reduce his sentence without explicit consideration of the 18 U.S.C. § 3553(a) sentencing factors or enunciation of the court's reasoning was an abuse of discretion. We held directly to the contrary in *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000). Because we vacate the district court's decision for failure to consider the prior Rule 35 reduction Stewart received, we do not consider his procedural argument.

case of *United States v. Tameka Cooper-Hall*. The district court granted this motion on November 28, 2007, and modified Stewart's sentence to 187 months imprisonment.

On February 20, 2008, Stewart filed a motion pursuant to 18 U.S.C. § 3582(c)(2), asking the court to reduce his sentence in line with Amendment 706 to the sentencing guidelines which modified the offense levels for cocaine base sentencing.[3] Under the new guidelines, Stewart's sentencing range, without the forty-eight month reduction, was between 188 and 235 months. The district court denied his motion after calculating the range under the new guidelines, stating in its order "[t]he court finds that the sentence of 187 months, imposed pursuant to Order entered November 28, 2007 granting the United States' substantial assistance motion, remains appropriate."[4] J.A. 22.[5] This appeal followed after a timely motion to extend time to file notice of appeal was granted.

## II.

This Court reviews a district court's decisions on sentencing for abuse of discretion, including its decisions on whether to reduce a sentence under section 3582(c)(2). *United States v. Heath*, 559 F.3d 263, 266 (4th Cir. 2009).

## A.

A motion to reduce a sentence may be made under 18 U.S.C. § 3582(c)(2) "upon motion of the defendant or the Director of the Bureau of Prisons" or *sua sponte* by the court. 18 U.S.C.A. § 3582(c)(2) (West 2009). Such a motion is

---

[3]The government made no responsive filing to Stewart's motion to reduce his sentence.

[4]It does not appear that an in-court hearing was held to consider the motion, and this Court does not have any further information concerning the district court's reasoning.

[5]J.A. __ refers to the Joint Appendix filed by the parties in this case.

proper for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* In considering the motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* That the court "may reduce" the sentence is important; the decision about whether to reduce a sentence is discretionary on the part of the district court. The court is not required to reduce a defendant's sentence, even where the current sentence is above the amended guidelines range.

The policy statement pertinent to a motion under section 3582(c) is section 1B1.10 of the Sentencing Guidelines Manual. That statement requires a court considering whether a reduction is proper to "determine the amended guideline range that would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced."[6] U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2009). Comparing the amended guidelines range and the defendant's sentence, the court may then impose a reduction in the sentence if the amendment has changed the sentencing range. *United States v. Lindsey*, 556 F.3d 238, 244 (4th Cir. 2009) (holding that in order to consider a motion to reduce a sentence based on an amendment of the guidelines, the defendant's guidelines range *must* have been changed by the amendment). Importantly, the recalculation of the guidelines and the reduction of the sentence are not considered a full resentencing by the court, and the district court must leave in place all other guidelines applications such as any enhancements or reductions in offense level for

---

[6]Subsection (c) of § 1B1.10 lists the amendments for which a motion to reduce a sentence is permissible. Amendment 706 is one of the listed amendments.

offense characteristics. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1).

In general, the district court may not, upon a motion for a reduction of sentence, sentence the defendant to a term of imprisonment that is below the amended guidelines range. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A); *see also United States v. Dunphy*, 551 F.3d 247, 257 (4th Cir. 2009) (holding that when a defendant's original sentence is within the guidelines, the district court lacks the jurisdiction to reduce that sentence below the amended guidelines upon motion for reduction of sentence under section 3582(c)(2)). However, the exception to the rule is when the "original term of imprisonment imposed was less than the term of imprisonment provided by the guidelines range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guidelines range . . . may be appropriate." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B). As guidance, the commentary to the guidelines provides:

> For example, in a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (C) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

*Id.* § 1B1.10(b)(2)(B) cmt 3. Thus the guidelines explicitly provide for reducing a below-guidelines sentence under sec-

tion 3582(c)(2) when that sentence resulted from a departure at the time of sentencing, even when that sentence is below the current guidelines range.

We recently held that it was proper for the district court to reduce a defendant's sentence below the amended guidelines where the defendant received a below-guidelines sentence due to a departure for substantial assistance to the government under section 5K1.1. *United States v. Fennell*, No. 08-7238, __ F.3d __, 2010 U.S. App. LEXIS 1326 (4th Cir. Jan. 21, 2010). The only case where the guidelines provide that reduction of a below-guidelines sentence *would not* be proper is "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B).

## B.

The question before this Court, therefore, is what constitutes the "original term of imprisonment" for a motion for a reduction of sentence in a case such as Stewart's where the sentence has been amended on a Rule 35 motion, not by any departures under the guidelines at the time the defendant was first sentenced by the court. Rule 35 provides that a defendant's sentence may be reduced, upon motion of the government, when "the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. Pro. 35(b)(1). Similar to a motion to reduce a sentence under section 3582(c)(2), a Rule 35 motion is "addressed to the sound discretion of the district court." *United States v. Stumpf*, 476 F.2d 945, 946 (4th Cir. 1973) (per curiam). In other words, the district court exercises discretion over whether to grant the government's motion and, if so, how much to reduce the sentence.

The government and Stewart agree and argue that "original sentence" in section 1B1.10(b) refers to the sentence the defendant is serving at the time he makes his section 3582(c)(2) motion.[7] They argue that because reductions in sentence under section 5K1.1 and Rule 35 are not mentioned by the guidelines in reference to situations where the sentence may not be reduced upon section 3582(c)(2) motion, the canon of *expresio unius est exclusio alterius* counsels that such a reduction is permitted.

We agree with the government and Stewart. First, section 3582(c)(2) and section 1B1.10 do not suggest that original sentence *must* be the first sentence the defendant receives. The policy statement for motions to reduce a sentence makes clear the goals of allowing such a motion: to take account of amendments to the guidelines made retroactive by Congress and determine whether a defendant should be able to take advantage of a post-hoc reduction in his sentence in line with the policy behind the amendment. U.S. Sentencing Guidelines Manual § 1B1.10(a)(1). The process mandated by the guidelines involves comparing the "original sentence" and the amended guidelines range to determine whether policy counsels that the reduction be given. To consider the defendant's first sentence as the comparison for the sentence under the amended guidelines would be illogical when the defendant is serving an entirely different sentence. It would go against the guidance of section 1B1.10(b) to use as a comparison to a sentence the defendant is not serving because the court could not determine whether a reduction is in fact warranted.

Additionally, the guidelines make clear two situations when such a reduction is not possible: non-guidelines sentences based on *Booker* and or the section 3553(a) sentencing factors. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B).

---

[7]Further, upon request of the Court at oral argument, the government has submitted a letter confirming that its position on the meaning of "original sentence" is shared by the Department of Justice as a whole.

Rule 35 reductions are not mentioned as cases where a sentence cannot be reduced below the guidelines, so under *expresio unius est exclusio alterius* one would assume that such a reduction is not prohibited and is instead within the general discretion of the district judge. The commentary to the guidelines even mentions the situation we have here, where the sentence the defendant is currently serving is one month below the amended guidelines range, as a candidate for further reduction. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(B) cmt 3. This demonstrates that not only did Congress contemplate allowing sentences to be reduced below the amended guidelines range, but that also the considered reduction is possible even when the defendant is currently serving a below amended guidelines sentence.

Finally, the phrase "original sentence" certainly does not refer only to the very first sentence the defendant receives in cases where that sentence has ceased to exist. A most egregious example, and one mentioned by the government, would be when a defendant appeals on the basis that his sentence was procedurally or substantively unreasonable, and we vacate that sentence. If that defendant, after his resentencing, were to bring a motion under section 3582(c)(2), the district court would certainly not look at the first sentence that we had declared unlawful. Instead, the original sentence would be the sentence that the defendant was currently serving. This is the same situation here, where Stewart's first sentence of 235 months has ceased to exist after the granting of the government's Rule 35 motion. Therefore, we hold that when a defendant is serving a below-guidelines sentence as a result of a Rule 35 motion by the government, if the defendant makes a motion under section 3582(c)(2), his sentence may be further reduced comparable to the previous reduction received.

Our recent precedent in *Fennell*, counsels this result. There we held that it is proper for the district court to consider a reduction in sentence below the amended guidelines equal to the prior reduction granted to the defendant for a departure at

sentencing under section 5K1.1. *Fennell*, 2010 U.S. App. LEXIS 1326. Circuit courts have consistently treated motions for reductions in sentence under section 5K1.1 and Rule 35 as bound by the same rules and standards. *See, e.g.*, *United States v. Mulero-Algarin*, 535 F.3d 34, 38 (1st Cir. 2008) ("In charting the contours of substantial assistance under Rule 35(b), courts have consistently looked to the virtually identical language contained in USSG § 5K1.1."); *In re Sealed Case No. 97-3112*, 181 F.3d 128, 133 (D.C. Cir. 1999) (noting Rule 35(b), section 3553(e), and section 5K1.1 are to be read "*in pari materia*"); *United States v. Lopez*, 26 F.3d 512, 523 (5th Cir. 1994) (describing Rule 35(b) as "§ 5k1.1's post-sentencing analog"). Likewise, we see no reason here to treat defendants who benefit from a reduction in sentence via a departure at the time of sentencing differently from those who provide information to the government later. Indeed, the practice of either deferring sentencing and seeking a reduction under section 5K1.1 or sentencing and later filing a Rule 35 motion varies from district to district, even within states. Those defendants who were unable to benefit from a section 5K1.1 departure initially – whether because they did not yet have the information or because of the practice of the U.S. Attorney's office prosecuting them – should not be prejudiced when they later provide valuable information to the government.

## C.

Applying the dictates of section 1B1.10, it appears that Stewart may be eligible for a reduction in his sentence. As detailed above, Stewart is currently serving a sentence of 187 months after receiving a forty-eight month reduction in sentence, representing a twenty percent reduction in his first sentence of 235 months. The current cocaine base guidelines for his offense level recommend a range between 235 and 188 months. The district court summarily denied Stewart's motion to reduce his sentence, noting only that his sentence of 187 months remained appropriate. Because it is unknown whether

the district court properly considered the current sentence as the "original sentence" described in section 1B1.10(b), we vacate the district court's decision and remand this case to the district court.

Stewart and the government argue that because the court granted the government's motion in November 2007 and reduced his sentence by forty-eight months, he is entitled to a proportional reduction in his sentence under the new guidelines. We do not reach this question given the discretion vested in the district court to evaluate the policy behind the sentencing guidelines and to determine whether reductions in sentence are appropriate.

### III.

Because a district court considering a motion to reduce a sentence, even one which is below the amended guidelines, under section 3582(c)(2) must treat the sentence the defendant is currently serving as the "original term of imprisonment," U.S. Sentencing Guidelines Manual § 1B1.10(b), we vacate the decision of the district court and remand the case for reconsideration of Stewart's section 3582(c)(2) motion in light of the government's prior Rule 35 motion.

*VACATED AND REMANDED*