**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6041**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

GILBERT KING, a/k/a Jimmy,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:97-cr-00352-REP-3)

Submitted:  April 15, 2010         Decided:  June 16, 2010

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Amy Leigh Austin, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Stephen Wiley Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gilbert King appeals from the denial of his 18 U.S.C. § 3582 (2006) motion for reduction of sentence. At his original sentencing, King was found responsible for in excess of 1.5 kilograms of crack cocaine. In response to King's § 3582 motion, the Government filed a response, arguing that King was ineligible for relief because the presentence report ("PSR") established that King was responsible for more than 4.5 kilograms of cocaine base. As such, the Guidelines range would be unchanged.[1] Without conducting a hearing, the district court denied the motion, stating that, after consideration of King's

> Motion for Reduction of Sentence [], the response thereto, the record, the presentence report, the Cocaine Base Amendment Application Worksheet prepared by the Probation Office and all other applicable requirements of law, it is hereby ORDERED that the defendant's 18 U.S.C. § 3582 Motion for Reduction of Sentence [] is denied because the defendant's original sentence, as reduced previously,[2] is appropriate and, in any event, the defendant is not eligible for sentence reduction on account of the quantity of drugs involved in his conviction.

---

[1] The 1997 edition of the Guidelines Manual, used to calculate King's sentencing range, assigned level 38 to offenses involving 1.5 kilograms or more of cocaine base. U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (1997). In contrast, the 2009 edition assigns level 38 to offenses involving 4.5 kilograms or more of cocaine base, and level 36 to offenses involving more than 1.5 kilograms but less than 4.5 kilograms of cocaine base. USSG § 2D1.1(c)(1), (2) (2009).

[2] King's sentence was previously reduced under Fed. R. Crim. P. 35(b), based upon his cooperation with the Government.

King timely appealed.

On appeal, King asserts that the sentencing court only found him responsible for "in excess of 1.5 kilograms" of crack cocaine and that to hold him responsible for a larger amount is unfair, given that he had no reason or opportunity to contest such an amount. We find that the record in this case is too sparse to support a finding that the sentencing court concluded that King was responsible for more than 4.5 kilograms of crack cocaine. First, the PSR describes a conspiracy responsible for a large amount of crack cocaine; however the PSR makes no specific findings as to whether King was responsible for the entire amount discussed. In fact, the PSR notes that "King's role was not as well defined as that of [the other conspirators]." Second, the PSR describes amounts of powder cocaine but does not specifically calculate the corresponding amount of crack cocaine. Finally, because King did not appeal his conviction, his sentencing hearing was not transcribed. Thus, it is not known whether King objected or what specific findings the sentencing court made. Accordingly, we conclude that a denial of the motion to reduce sentence based upon the drug amount was an abuse of discretion, absent further proceedings or an expanded record. See United States v. Moore, 582 F.3d 641, 644-45 (6th Cir. 2009) (finding abuse of discretion in § 3582 proceeding where district court did not

consider objection to drug amount and PSR did not mandate conclusion that defendant was responsible for over 4.5 kilograms of crack cocaine).

The district court additionally found that King's "original sentence, as reduced previously" remained "appropriate." While the district court may indeed be correct, the court's conclusory reasoning does not permit appellate review. It is unclear whether the court was under the mistaken impression that King's prior Rule 35 reduction barred or legally weighed against a further reduction. See United States v. Stewart, 595 F.3d 197, 202 (4th Cir. 2010) (holding that district court may further reduce a sentence under § 3582, even if the sentence is already below the amended Guidelines range as a result of a Fed. R. Crim. P. 35 reduction). It is further unknown whether the district court's erroneous decision on the drug amount issue impacted its determination that King's prior sentence remained appropriate. Any determination as to what the court's alternate ruling was based upon would be mere conjecture.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We express no opinion as to the appropriateness or permissibility of a § 3582 sentence reduction. We deny King's motion for appointment of counsel. We dispense with oral argument because

4

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED