**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6128**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ANTONIO R. REED,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:06-cr-00015-FPS-DJJ-1)

———————

Submitted: May 17, 2012            Decided: May 29, 2012

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Antonio R. Reed, Appellant Pro Se. John Castle Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio R. Reed appeals the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). We review a district court's ruling on a 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). We affirm.

In 2006, Reed pleaded guilty, pursuant to a plea agreement, to one count of participating in a conspiracy to distribute more than fifty grams of cocaine base in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 2006 & Supp. 2011). Reed's advisory Guidelines range of imprisonment was calculated using the career offender guideline, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2005). The district court granted a one offense level departure for substantial assistance to the Government. Reed was sentenced to 235 months' imprisonment, the bottom of the post-departure Guidelines range.

Reed's 18 U.S.C. § 3582(c)(2) motion sought a sentence reduction based on Amendment 750 to the Guidelines. Amendment 750 revised the offense levels applicable to certain cocaine base quantities under USSG § 2D1.1(c). The district court found that Reed's Guidelines range was calculated pursuant to the career offender guideline, USSG § 4B1.1, and therefore Amendment

2

750 had no effect on his Guidelines range. Thus, the district court denied Reed's § 3582(c)(2) motion.

On appeal, Reed contends that his substantial assistance departure demonstrates that his Guidelines range was based on USSG § 2D1.1(c) rather than the career offender guideline. In support of his argument, Reed cites our decision in United States v. Munn, 595 F.3d 183 (4th Cir. 2010). In Munn, we found that the career offender designation did not bar a § 3582(c)(2) sentence reduction based on Amendment 706 to the Guidelines where (1) the sentencing court granted an overrepresentation departure, and (2) the court relied upon the cocaine base guidelines in calculating the extent of the departure. Munn, 595 F.3d at 192. Reed requests that we extend the holding of Munn to cover substantial assistance departures in addition to overrepresentation departures.

We need not consider this issue because Reed has failed to demonstrate that the district court relied upon the cocaine base guidelines in calculating the extent of the departure. Reed's substantial assistance departure was a flat reduction of one offense level. The district court did not reduce Reed's criminal history category and instead retained the criminal history category that resulted from the application of the career offender guideline. Because we do not find that Reed's Guidelines range was based on USSG § 2D1.1(c), we cannot

3

agree with Reed's contention that Amendment 750 altered his Guidelines calculation.

Reed also argues that the district court abused its discretion by declining to appoint counsel to assist him in preparing his § 3582(c)(2) motion. The court had previously denied Reed's earlier § 3582(c)(2) motion based on Amendment 706 for substantially the same reason. Appointment of counsel would not have remedied the flaw underlying Reed's motion. We do not find an abuse of discretion here.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4