**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6257**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JABBAAR FAREED,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00130-JAB-1)

Submitted: May 18, 2012          Decided: June 12, 2012

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jabbaar Fareed, Appellant Pro Se. Robert Michael Hamilton, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jabbaar Fareed appeals the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). We review a district court's ruling on a 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). We affirm.

In 2007, Fareed pleaded guilty, pursuant to a plea agreement, to one count of distribution of cocaine base in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 2006 & Supp. 2011). He was sentenced to 135 months' imprisonment. In 2011, the district court reduced Fareed's sentence to 120 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2). In response to the instant motion, the district court found that it could not further reduce Fareed's sentence because the mandatory minimum sentence at the time of his original sentencing was ten years.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220 ("FSA"), reduced the mandatory minimum sentences applicable to certain cocaine base offenses. If Fareed was sentenced under the Fair Sentencing Act, his mandatory minimum sentence would be five years' incarceration and the Guidelines amendment could reduce his advisory range below 120 months. However, Fareed was originally sentenced before the enactment of the Fair Sentencing

Act when the mandatory minimum was ten years' incarceration. We have previously held that the Fair Sentencing Act does not apply retroactively to offenders who, like Fareed, were sentenced before its enactment. United States v. Bullard, 645 F.3d 237, 248 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). Fareed does not fall within the class of offenders who had "not yet been sentenced" by the date of the Fair Sentencing Act's enactment. Thus, the Fair Sentencing Act's revised mandatory minimums do not apply to Fareed, and the district court properly found that the Guidelines amendment could not further reduce Fareed's sentence because he had already been sentenced to the statutory minimum.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED