**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7630**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL ANTHONY JENKINS, a/k/a Domonique Jenkins, a/k/a Todd
Jenkins, a/k/a Tone,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Rebecca Beach Smith, District
Judge.  (2:93-cr-00081-2)

Submitted:  April 19, 2012        Decided:  June 15, 2012

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Michael Anthony Jenkins, Appellant Pro Se.  William David Muhr,
Melissa Elaine O'Boyle, Assistant United States Attorneys,
Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Anthony Jenkins appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion to reduce his sentence. Jenkins was sentenced to life imprisonment in 1994 after pleading guilty to conspiracy to distribute and possess with intent to distribute heroin, cocaine base, and cocaine, in violation of 21 U.S.C. § 846 (2006). The district court subsequently granted the Government's Fed. R. Crim. P. 35 motion for reduction of sentence for substantial assistance, reducing Jenkins' sentence to 270 months' imprisonment.

Pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10 (2011), when a defendant's applicable Guidelines range has been lowered by an amendment to the Guidelines, the district court may reduce the defendant's term of imprisonment pursuant to § 3582. We review the denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A district court abuses its discretion when it relies upon an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008).

Generally, a district court "may not, upon a motion for a reduction of sentence, sentence the defendant to a term of imprisonment that is below the amended guidelines range." United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010). (citing USSG § 1B1.10(b)(2)(A)). However, when the "original

2

term of imprisonment imposed was less than the term . . . provided by the guidelines range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guidelines range . . . may be appropriate." Id. We recently held that the "original term of imprisonment" means "the sentence the defendant is serving at the time he makes his Section 3582(c)(2) motion." Id. at 202. Thus, "when a defendant is serving a below-guidelines sentence as a result of a Rule 35 motion by the government, if the defendant makes a motion under section 3582(c)(2), his sentence may be further reduced comparable to the previous reduction received." Id. at 203.

Jenkins was held responsible for 5.67 kilograms of cocaine base. Although Jenkins was subject to an advisory Guidelines range of life imprisonment at the time of his sentencing, under the Guidelines as amended pursuant to the Fair Sentencing Act of 2010, Jenkins' advisory Guidelines range is now 324 to 405 months' imprisonment.[1] USSG § 2D1.1. Although Jenkins' current sentence of 270 months is below the amended Guidelines range, the district court had the discretion to further reduce Jenkins' sentence to reflect the reduction

---

[1] Amendment 750, which amended the Guidelines in accordance with the Fair Sentencing Act of 2010, became retroactive on November 1, 2011. USSG § 1B1.10(c) (2011).

previously granted for his substantial assistance to the Government.

In denying Jenkins' motion, however, the district court failed to provide an explanation for its decision. We are therefore unable to assess whether the district court abused its discretion in denying Jenkins' motion.[2] Accordingly, we vacate the district court's order and remand for reconsideration of the § 3582 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[2] It is possible, for example, that the district court denied Jenkins' motion under the misapprehension that § 3582 did not authorize a further reduction of Jenkins' sentence. Or it may be that the district court fully appreciated its authority to further lower Jenkins' sentence and declined to do so for sound reasons well within its discretion. We simply do not know. Our decision to vacate the district court's order, then, should not be construed on remand as any indication on our part that we have prejudged the appropriate resolution of Jenkins' § 3582 motion. That decision is properly reserved in the first instance for the district court.