**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-6749**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

JOHNNIE LEE COWAN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, Chief District Judge. (2:09-cr-00039-RBS-FBS-1)

_____

Submitted: June 28, 2012        Decided: July 12, 2012

_____

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Johnnie Lee Cowan, Appellant Pro Se. Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnnie Lee Cowan appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). We review for abuse of discretion a district court's decision on whether to reduce a sentence under § 3582(c)(2) and review de novo a court's conclusion on the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Finding no reversible error, we affirm.

In 2009, Cowan pled guilty, pursuant to a plea agreement, to one count of possession with the intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A)(iii) (West 2006 & Supp. 2012). Cowan was sentenced to the statutory mandatory minimum term of 120 months' imprisonment. In 2011, the district court reduced Cowan's sentence to sixty months' imprisonment pursuant to Fed. R. Crim. P. 35(b).

The FSA reduced the mandatory minimum sentences applicable to certain cocaine base offenses. If Cowan had been sentenced under the FSA, he would not have been subject to the 120-month mandatory minimum, and the Guidelines amendment could reduce his amended Guidelines range below sixty months.

2

United States v. Stewart, 595 F.3d 197, 201-04 (4th Cir. 2010). Cowan, however, originally was sentenced before the enactment of the FSA. We previously have held that the FSA does not apply retroactively to offenders who, like Cowan, were sentenced before its enactment. United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). Nor does Cowan's post-FSA sentencing reduction in 2011 alter our conclusion that Cowan is not within the class of offenders who are eligible to benefit from the FSA. Thus, because the FSA's revised penalty provisions do not apply to Cowan, the district court properly rejected his argument that Guidelines Amendment 750 could further reduce his sentence.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED