**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-7327

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ADRIAN LAMONT BENNIEFIELD, a/k/a Adrian Benniefield,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:09-cr-00055-HEH-1)

Submitted:  October 11, 2012       Decided:  October 16, 2012

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Adrian Lamont Benniefield, Appellant Pro Se.  Roderick Charles Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Lamont Benniefield appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). We review for abuse of discretion a district court's decision on whether to reduce a sentence under § 3582(c)(2) and review de novo a court's conclusion on the scope of its legal authority under that provision. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). Finding no reversible error, we affirm.

Benniefield pled guilty to one count of distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2012). Benniefield was sentenced in 2009 to the statutory mandatory minimum term of 120 months' imprisonment. In 2011, the district court reduced Benniefield's sentence to ninety-six months' imprisonment pursuant to Fed. R. Crim. P. 35(b).

The FSA reduced the mandatory minimum sentences applicable to certain cocaine base offenses. If Benniefield had been sentenced under the FSA, he would not have been subject to the 120-month mandatory minimum, and the Guidelines amendment could reduce his amended Guidelines range below ninety-six months. United States v. Stewart, 595 F.3d 197, 201-04

2

(4th Cir. 2010).  Benniefield, however, originally was sentenced before the enactment of the FSA.  We previously have held that the FSA does not apply retroactively to offenders who, like Benniefield, were sentenced before its enactment.  United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011).  Nor does Benniefield's post-FSA sentencing reduction in 2011 alter our conclusion that Benniefield is not within the class of offenders who are eligible to benefit from the FSA.  Thus, because the FSA's revised penalty provisions do not apply to Benniefield, the district court properly rejected his argument that Guidelines Amendment 750 could further reduce his sentence.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED