UNITED STATES of America,
Plaintiff–Appellee,

v.

Allen Eugene STEWART,
Defendant–Appellant.

No. 12–7394.

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 13, 2012.

Decided: Nov. 16, 2012.

Allen Eugene Stewart, Appellant Pro Se. Olivia L. Norman, Office of the United States Attorney, Richmond, Virginia, for Appellee.

Before NIEMEYER, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Eugene Stewart appeals the district court's order denying his motion seeking a reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). This court reviews the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Munn*, 595 F.3d 183, 186 (4th Cir.2010). A district court abuses its discretion if it relies on an erroneous factual or legal premise. *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 323 (4th Cir.2008).

Pursuant to § 3582(c)(2), a district court may modify the term of imprisonment "of a defendant who has been sentenced . . .

based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the Guidelines amendment is retroactively applicable. 18 U.S.C. § 3582(c)(2). Nevertheless, whether to reduce the defendant's sentence lies within the discretion of the district court: "The court is not required to reduce a defendant's sentence, even where the current sentence is above the amended guidelines range." *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir.2010).

In determining whether to grant such a reduction, the district court must consider the sentencing factors listed in 18 U.S.C. § 3553(a) (2006) and the policy statements of the Sentencing Commission. 18 U.S.C. 3582(c)(2); *U.S. Sentencing Guideline Manual* ("USSG") § 1B1.10, cmt. n. 1(B)(i). Included among these factors is the need to protect the public. *See* 18 U.S.C. § 3553(a)(2)(C); USSG § 1B1.10 cmt. n. 1(B)(ii). A district court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" in determining whether to grant a sentence reduction. USSG § 1B1.10 cmt. n. 1(B)(iii).

Our review of the record convinces us that the district court did not abuse its discretion in denying Stewart, on the basis of public safety, a reduction of sentence, notwithstanding the fact that Amendment 750 to the Sentencing Guidelines has altered the base offense level applicable to Stewart's offense. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*