**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-7720**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SHAWN ANDRE ALSTON,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:06-cr-00200-D-1)

─────────────

Submitted: February 11, 2013     Decided: February 28, 2013

─────────────

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Shawn Andre Alston, Appellant Pro Se. Edward D. Gray, Jane J. Jackson, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Andre Alston appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) (2006), pursuant to Amendment 750 to the U.S. Sentencing Guidelines Manual. The district court denied the motion because Alston had not been convicted of a crack cocaine offense. Alston was convicted of unlawful possession of a firearm by a convicted felon; however, at sentencing the district court found that he possessed the firearm in connection with another offense—drug trafficking—and applied the cross reference in U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(c)(1)(A) (2006), to USSG § 2X1.1 and § 2D1.1. Alston's offense level was thus determined by the quantity of drugs he possessed when he was arrested, as well as currency he possessed that was converted to its crack equivalent.

A district court may reduce a defendant's prison term if his Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2). We review a district court's decision under § 3582(c)(2) for abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). "A district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise,

2

or if it bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted).

When he was originally sentenced under the 2006 Guidelines, Alston was responsible for 3176 kilograms of marijuana equivalent, which gave him a base offense level of 34. Pursuant to Amendment 750, the 157.55 grams of crack that Alston was held responsible for converts to 562 kilograms, of marijuana equivalent. Added to the marijuana equivalents for the other drugs Alston was held responsible for, the revised drug amount is 593 kilograms of marijuana equivalent, which yields a base offense level of 28, see USSG § 2D1.1(c)(6), under the amended Guidelines that were in effect when the district court denied the § 3582(c)(2) motion. With a two-level increase for possession of a firearm under § 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility under § 3E1.1, Alston's total revised offense level becomes 27. He is in criminal history category IV, making his revised Guidelines range 100-125 months, further narrowed to 100-120 months under USSG § 5G1.1(c)(1). Therefore, because Alston may now receive a sentence of less than 120 months, his Guidelines range has been lowered by Amendment 750.

The district court denied the § 3582(c)(2) motion on the ground that Alston was not convicted of a crack offense,

thus impliedly finding that Amendment 750 is not applicable where crack determined the base offense level via a cross reference to § 2D1.1. The court's conclusion was erroneous because neither § 3582(c)(2) nor § 1B1.10 exclude Guidelines calculations that result from application of a cross reference. To determine whether a Guidelines amendment has the effect of lowering the defendant's applicable Guidelines range, the district court should follow the direction in § 1B1.10(b)(1) to substitute the amendment for the corresponding Guidelines provision that was applied at the defendant's sentencing, and leave all other Guidelines calculations as they were originally. United States v. Stewart, 595 F.3d 197, 200-01 (4th Cir. 2010); United States v. Lindsey, 556 F.3d 238, 245 (4th Cir. 2009); United States v. Hood, 556 F.3d 226, 232 (4th Cir. 2009).

Because substitution of the amended Guidelines lowered Alston's Guidelines range, we conclude that the district court abused its discretion when it denied Alston's § 3582(c)(2) motion on the ground that it was not a crack offense affected by Amendment 750. We therefore vacate the court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED