**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-8029**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ISSAC RASHAD BELT,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:04-cr-00559-AW-6)

───────────

Submitted: April 18, 2013      Decided: April 22, 2013

───────────

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James Wyda, Federal Public Defender, Thomas Sarachan, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Barbara S. Sale, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Issac Rashad Belt appeals the district court's order granting his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). Although the district court granted Belt's § 3582 motion, the court did not reduce Belt's sentence to the full extent he requested. On appeal, Belt argues that, under the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, should apply to his motion. Contrary to Belt's assertion, however, Dorsey did not alter this court's prior holding that the FSA does not apply retroactively to defendants sentenced prior to its effective date. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011).[*] Because Belt was sentenced in April 2006, prior to the FSA's effective date, the FSA had no effect on Belt's mandatory minimum sentence, and the district court properly concluded that Belt was not entitled to a sentence reduction under the Act. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the

---

[*] Belt's attempt to distinguish Bullard is meritless, as the Supreme Court made clear in Dorsey that the FSA does not apply to defendants sentenced before the FSA's effective date of August 3, 2010. 132 S. Ct. at 2335; see United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (acknowledging that consideration of a § 3582(c)(2) motion does not constitute "a full resentencing by the court").

2

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED