**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-8101**

UNITED STATES OF AMERICA

                    Plaintiff – Appellee,

          v.

ALOHONDRA REY STATON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:00-cr-00054-H-1)

Submitted: May 31, 2013              Decided:  June 11, 2013

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alohondra Rey Staton appeals from the district court's order denying his 18 U.S.C. § 3582 (2006) motion for reduction of sentence. The district court denied the motion, finding that Staton's Guidelines range was based upon his career offender status and, thus, was unchanged by any Guidelines amendments regarding drug quantity. On appeal, Staton avers that, following our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he should no longer be sentenced as a career offender. We affirm.

A district court may reduce a prison term if the defendant's Guidelines range has subsequently been lowered by the Sentencing Commission and the reduction is consistent with applicable policy statements. 18 U.S.C. § 3582(c)(2). A reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (2012). We review a district court's decision under § 3582(c)(2) for abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

To determine whether a Guidelines amendment has the effect of lowering the defendant's applicable Guidelines range, the district court should follow the direction in U.S.

2

Sentencing Guidelines Manual § 1B1.10(b)(1) (2012) to substitute the amendment for the corresponding Guidelines provision that was applied at the defendant's sentencing, and leave all other Guidelines calculations as they were originally. Stewart, 595 F.3d at 200-01; United States v. Lindsey, 556 F.3d 238, 245 (4th Cir. 2009); United States v. Hood, 556 F.3d 226, 232-34 (4th Cir. 2009). Because substitution of the relevant Guidelines amendments neither lowered Staton's Guidelines range nor affected his career offender status, the district court correctly found that Staton was ineligible for § 3582 relief. Thus, even assuming application of Simmons would alter Staton's Guidelines range, relief under Simmons is not available pursuant to § 3582.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED