**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6354**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

TORREY TEDERIAL ERVIN,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:09-cr-00070-MR-1)

Submitted:  June 27, 2013            Decided:  July 16, 2013

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Torrey Tederial Ervin, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrey Tederial Ervin appeals the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). We review a district court's ruling on a § 3582(c)(2) motion for an abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). We affirm.

In 2009, Ervin pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute cocaine base. Ervin's advisory Guidelines range of imprisonment was calculated using the career offender guideline, U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2009). The district court granted a three offense level departure for substantial assistance to the Government. Ervin was sentenced to 188 months' imprisonment, the bottom of the post-departure Guidelines range.

Ervin's § 3582(c)(2) motion sought a sentence reduction based on Amendment 750 to the Guidelines. Amendment 750 revised the offense levels applicable to certain cocaine base quantities under USSG § 2D1.1(c). The district court found that Ervin's Guidelines range was calculated pursuant to the career offender guideline, USSG § 4B1.1 and, therefore, Amendment 750 had no effect on his Guidelines range. Thus, the district court denied Ervin's § 3582(c)(2) motion. On appeal,

2

Ervin contends that the extent of his substantial assistance departure demonstrates that his departure Guidelines range was based on USSG § 2D1.1(c). Specifically, he argues that the departure offense level matched the offense level he would have received in the absence of the career offender enhancement.

In this case, we need not consider whether such an argument could ever provide relief, because Ervin has failed to demonstrate that the district court relied upon the cocaine base guidelines in calculating the extent of the departure. Ervin's substantial assistance departure was a flat reduction of three offense levels. The district court did not reduce Ervin's criminal history category and instead retained the criminal history category that resulted from the application of the career offender guideline. In addition, there is no support in the substantial assistance motion filings or the district court's judgment to support Ervin's conclusion. Because we do not find that Ervin's Guidelines range was based on USSG § 2D1.1(c), we cannot agree with Ervin's contention that Amendment 750 altered his Guidelines calculation.

Accordingly, we affirm the district court's order. We grant Ervin's motion to amend. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before this court and argument would not aid the decisional process.

AFFIRMED