**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-7042**

———————————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

      v.

EFRAM ZIMBALIST JONES,

                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda Wright Allen, District Judge.  (4:08-cr-00098-AWA-FBS-3)

———————————

Submitted:  July 18, 2013               Decided:  July 22, 2013

———————————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Efram Zimbalist Jones, Appellant Pro Se. Eric Matthew Hurt, Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Efram Zimbalist Jones appeals the district court order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction under Guidelines Amendment 750. On appeal, Jones primarily challenges his classification as a career offender. However, Jones may not use his § 3582(c)(2) to challenge Guidelines calculations made at his original sentencing that are unaffected by Amendment 750. See Dillon v. United States, 130 S. Ct. 2683, 2690-92 (2010) (explaining that § 3582(c)(2) does not authorize full resentencing, but permits sentence reduction only within narrow bounds established by Sentencing Commission); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010) (recognizing that § 3582(c)(2) proceeding is "not considered a full resentencing by the court"). Because Jones' Guidelines range was driven by his career offender designation and not the crack cocaine Guidelines provisions, the district court properly concluded that it lacked authority to grant a sentence reduction under § 3582(c)(2). See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010).

Insofar as Jones also fairly argues that the district court did not adequately explain its reasons for denying the motion, we conclude his argument is without merit. The court provided a written, albeit sealed, statement of reasons for denying the motion, which recognized that Jones' career offender

2

status precluded a sentence reduction under Amendment 750.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED