**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-6750**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

EDWIN PEREZ,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:99-cr-00124-REP-1)

_____

Submitted: July 25, 2013        Decided: July 30, 2013

_____

Before GREGORY, DAVIS, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Edwin Perez, Appellant Pro Se. Norval George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edwin Perez appeals the district court's order denying his motion seeking a reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). This court reviews the denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). A district court abuses its discretion if it relies on an erroneous factual or legal premise. DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008).

Pursuant to § 3582(c)(2), a district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the Guidelines amendment is retroactively applicable. 18 U.S.C. § 3582(c)(2). Nevertheless, whether to reduce the defendant's sentence lies within the discretion of the district court: "The court is not required to reduce a defendant's sentence, even where the current sentence is above the amended guidelines range." United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

In determining whether to grant such a reduction, the district court must consider the sentencing factors listed in 18 U.S.C. § 3553(a) (2006) and the policy statements of the Sentencing Commission. 18 U.S.C. 3582(c)(2); U.S. Sentencing Guideline Manual § 1B1.10, cmt. n.1(B)(i). Included among these

2

factors is the need to protect the public. <u>See</u> 18 U.S.C. § 3553(a)(2)(C); USSG § 1B1.10 cmt. n.1(B)(ii). A district court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment" in determining whether to grant a sentence reduction. USSG § 1B1.10 cmt. n.1(B)(iii).

Our review of the record convinces us that the district court did not abuse its discretion in denying Perez, on the basis of public safety and to promote respect for the law, a reduction of sentence. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>