**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-6065**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARCELLUS LEWIS DANCY, III, a/k/a Sugar Bear,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Rebecca Beach Smith, Chief District Judge.   (4:07-cr-00042-RBS-TEM-1)

_____

Submitted:  May 5, 2015          Decided:  December 21, 2015

_____

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Marcellus Lewis Dancy, III, Appellant Pro Se.  Eric Matthew Hurt, Assistant United States Attorney, Newport News, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcellus Lewis Dancy, III, appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion to reduce his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines Manual (2014). A district court's decision on whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion, while its conclusion on the scope of its legal authority under that provision is reviewed de novo. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010).

Our review of the record reveals that the district court did not abuse its discretion in denying Dancy's motion. The court plainly understood its authority to reduce Dancy's sentence pursuant to Amendment 782, see United States v. Stewart, 595 F.3d 197, 203 (4th Cir. 2010); USSG § 1B1.10(b)(2)(B), p.s., but declined to do so based on the facts and circumstances of Dancy's case, with which it was abundantly familiar. See United States v. Smalls, 720 F.3d 193, 196-97 (4th Cir. 2013). Moreover, despite Dancy's claim to the contrary, it is well settled that the district court is not required to provide individualized reasoning when deciding a § 3582(c)(2) motion, see United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000), and the record does not support Dancy's argument that the court failed to consider the relevant 18

U.S.C. § 3553(a) (2012) factors.  See Smalls, 720 F.3d at 195-97.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED