**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6187**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KONO MICHELLE HYMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, Chief District Judge.  (2:10-cr-00015-D-1)

Submitted:  June 28, 2017                                      Decided:  July 18, 2017

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kono Michelle Hyman, Appellant Pro Se.  Edward D. Gray, Assistant United States Attorney, Scott Andrew Lemmon, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kono Michelle Hyman appeals the district court's order denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (2012). We review a claim that the district court misapprehended the scope of its legal authority under § 3582(c)(2) de novo and a district court's decision on whether to reduce a sentence under that section for abuse of discretion. *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013).

Hyman argues that the district court misapprehended the scope of its authority by failing to recognize the extent of the reduction authorized, as required under *Dillon v. United States*, 560 U.S. 817, 827 (2010), and U.S. Sentencing Guidelines Manual § 1B1.10, p.s. (2010). The district court, however, acknowledged Hyman's request for a sentence below his amended Guidelines range and asserted its discretion to reduce Hyman's sentence, which was already at the lowest term in his amended Guidelines range. The court therefore understood its authority to reduce Hyman's sentence. *See United States v. Stewart*, 595 F.3d 197, 203 (4th Cir. 2010) (allowing sentence reduction below amended Guidelines range under certain circumstances).

The district court simply declined to do so based on the facts and circumstances of Hyman's case, as evaluated under the 18 U.S.C. § 3553(a) (2012) factors. In light of the "extremely broad discretion" a district court enjoys when weighing those factors, *see United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), we discern no abuse of discretion in the district court's decision to deny Hyman a sentence reduction.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*