**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6197**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TEERAN TYRON GRESHAM,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:03-cr-00064-F-1)

———————

Submitted:  May 18, 2012                Decided:  June 6, 2012

———————

Before MOTZ, KING, and DAVIS, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Teeran Tyron Gresham, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Teeran Tyron Gresham appeals the district court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (2006). We review a district court's ruling on a 18 U.S.C. § 3582(c)(2) motion for an abuse of discretion. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). We vacate the district court's order and remand for further proceedings.

In 2004, Gresham pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute more than fifty grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Gresham to consecutive terms of eighty and sixty months' imprisonment. The eighty month sentence for the drug possession conviction represented approximately a thirty-five percent downward departure from the low end of the 121 to 151 month advisory range set forth by the U.S. Sentencing Guidelines Manual ("USSG"). The downward departure was based both on Gresham's substantial assistance to the Government pursuant to USSG § 5K1.1, p.s., as well as on mental and emotional hardships under USSG §§ 5K2.0, p.s., 5H1.3, p.s., and 5H1.6, p.s.

2

In 2009, the district court reduced Gresham's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Guidelines. The district court found that Amendment 706 reduced Gresham's Guidelines range to 120 to 121 months and granted a reduction of Gresham's drug possession sentence from eighty to seventy-nine months. The low end of Gresham's Guidelines range was limited by the mandatory minimum ten year term that was applicable at the time of Gresham's sentencing.

In the appealed order, the district court denied Gresham's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 750 to the Guidelines. Amendment 750 revised the offense levels applicable to certain cocaine base quantities under USSG § 2D1.1(c). The district court found that Amendment 750 was applicable to Gresham but did not have the effect of lowering Gresham's Guidelines range. We agree that Amendment 750 is applicable to Gresham, but find that Amendment 750 did affect Gresham's Guidelines range. After the operation of Amendment 750, Gresham's offense level and criminal history category produces a range that is wholly below 120 months' imprisonment. Thus, pursuant to USSG § 5G1.1(b), Gresham's Guidelines "range" is now 120 months. Amendment 750 therefore had the effect of reducing the high end of Gresham's Guidelines range by one month. The district court's conclusion that

3

Amendment 750 did not provide a basis for considering a further reduction of Gresham's sentence was thus erroneous.

Accordingly, we vacate the district court's denial of Gresham's motion for a sentence reduction and remand for further proceedings. On remand, the district court should analyze Gresham's motion in light of his revised Guidelines range and determine whether and to what extent a sentence reduction is appropriate.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

* The decision of whether to reduce Gresham's sentence as a result of the reduction of his Guidelines range is committed to the discretion of the district court. 18 U.S.C. § 3582(c)(2). Should the district court grant the motion, it "has discretion to give a reduction based on the revised sentencing range, calculated by any reasonable means, so long as it yields a new sentence congruent with the policy statements of the Guidelines." United States v. Fennell, 592 F.3d 506, 510-11 (4th Cir. 2010) (footnote omitted); see also USSG § 1B1.10(b)(2)(B), p.s. The court need not employ the same method of departure used at Gresham's original sentencing. Fennell, 592 F.3d at 509.