**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-6650**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

GARY NELSON GAYNOR,

        Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:05-cr-00001-H-2)

---

Argued:  January 31, 2013          Decided:  April 18, 2013

---

Before MOTZ, KING, and AGEE, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:**  G. Alan DuBois, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Gary Nelson Gaynor appeals from the district court's denial of his 2012 motion for a reduction of sentence, sought pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. Amendment 750 reduced the penalties applicable to cocaine base ("crack") offenses, and Gaynor maintains that the court erred in ruling that the amendment did not lower his Guidelines range. As explained below, we are constrained to agree, and thus vacate and remand.

I.

A.

On September 6, 2005, Gaynor pleaded guilty in the Eastern District of North Carolina to two offenses: conspiracy to distribute and possess with intent to distribute more than fifty grams of crack, a quantity of powder cocaine, and a quantity of marijuana, in violation of 21 U.S.C. § 846 (the "conspiracy offense"); and possession of a firearm in connection with a drug trafficking offense, in contravention of 18 U.S.C. 924(c) (the "firearm offense"). For sentencing purposes, Gaynor's base offense level for the conspiracy offense was 34. After a three-level adjustment for acceptance of responsibility, Gaynor's total offense level was 31, which, combined with his criminal history category of III, resulted in an advisory Guidelines

2

range of 135 to 168 months in prison.  The statutory minimum for the conspiracy offense was 120 months, and the statutory minimum on the firearm offense was sixty months, to be served consecutively.

On December 6, 2005, after granting a downward departure on the basis of the government's substantial assistance motion, the district court sentenced Gaynor to concurrent terms of 120 and sixty months.[1]  Gaynor's 120-month sentence represented an eleven percent downward departure from the bottom of the applicable Guidelines range (135 months), as well as a sixty-month departure from the aggregate statutory minimum (180 months).

More than three years thereafter, on January 14, 2009, Gaynor moved in the district court for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Guidelines, which was effective in 2007 and made retroactive by the Sentencing Commission in 2008.  Amendment 706 reduced the base offense levels applicable to crack offenses by

_____

[1] The government's substantial assistance motion advised the district court that Gaynor had assisted the prosecutors and law enforcement officers by providing evidence on the location of a fugitive who had been federally indicted on conspiracy and narcotics offenses.  The motion requested the court to "grant the Government's motion to reduce the defendant's sentence based upon his substantial assistance in [the conspiracy offense] and sentence the defendant to 120 months' imprisonment." Government's Motion for Downward Departure Due to Substantial Assistance at 3, United States v. Gaynor, No. 4:05-cr-00001 (E.D.N.C. Dec. 2, 2005), ECF No. 39.

3

two levels, and the retroactive application thereof reduced Gaynor's base offense level from 34 to 32. Factoring in Gaynor's three-level adjustment for acceptance of responsibility, his total offense level then became 29, and his Guidelines range became 108 to 135 months. As Gaynor recognized in his 2009 sentence reduction request, however, the statutory minimum on the conspiracy offense remained at 120 months, and the minimum sentence was applicable to him if the government's 2005 substantial assistance motion was filed pursuant to Guidelines section 5K1.1, as opposed to the provisions of 18 U.S.C. § 3553(e). By way of explanation, a substantial assistance motion under § 3553(e) authorizes a sentence below the statutory minimum, whereas such a motion under Guidelines section 5K1.1 authorizes only a departure from the Guidelines range.[2]

---

[2] Pursuant to 18 U.S.C. § 3553(e), "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Section 3553(e) further provides that "[s]uch sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission." Meanwhile, Guidelines section 5K1.1 provides only for a departure from the applicable Guidelines range, specifying that, "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

4

Gaynor's 2009 motion for a sentence reduction explained that his original sentence of 120 months "represented an approximately 11% downward departure from the bottom of the applicable guideline range." J.A. 16.[3] Gaynor requested a comparable reduction from the 108-month bottom of his revised Guidelines range, seeking a sentence of ninety-six months, "unless a higher statutory minimum sentence is found to apply." Id. On February 25, 2009, the district court granted Gaynor's sentence reduction request, fixing his revised Guidelines range at 120 to 135 months (replacing the lower end of the revised range — 108 months — with the statutory minimum of 120 months for the conspiracy offense). As a result, the court reduced Gaynor's sentence on the conspiracy offense from 120 months to 106 months. The court's amended judgment made the following explanation:

> The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure . . ., and the reduced sentence is comparably less than the amended guideline range.

Id. at 19.

After Gaynor's 2009 sentence reduction had been memorialized in an amended judgment, the government requested

---

[3] Citations herein to "J.A. ____" refer to the contents of the Joint Appendix filed by the parties in this appeal.

5

reconsideration by the district court. In so moving, the prosecutors contended that the court lacked any authority to reduce the sentence below the statutory minimum of 120 months on the conspiracy offense. On June 12, 2009, the court rejected that contention, specifying, pursuant to § 3553(e), that a district court is authorized to impose a sentence below the statutory minimum when the government files a substantial assistance motion. In its order, the court further explained that,

> [b]ecause 18 U.S.C. § 924(c)(1) requires imposition of a consecutive sentence of at least 60 months' imprisonment for possession of a firearm during and in relation to a drug trafficking offense, the 120-month sentence imposed [on December 6, 2005] could only have been accomplished by utilizing 18 U.S.C. § 3553(e) to run the sentence on [the firearm offense] concurrent with the [conspiracy offense].

J.A. 35.

As the district court recognized in the foregoing order, it had possessed the authority in 2005 to sentence Gaynor below the statutory minimum. The court explained further that, "in view of the fact that the reduction was for fourteen months, the court is not willing to modify its February 25, 2009, order reducing defendant's sentence as to [the conspiracy offense] from 120 months to 106 months." J.A. 36. Thus, Gaynor's 106-month sentence on the conspiracy offense was left undisturbed.

6

No appeals were pursued from the court's 2009 sentence reduction rulings.

B.

On March 9, 2012, Gaynor moved for an additional sentence reduction, and on this occasion his motion was predicated on Amendment 750 of the Guidelines. That amendment was made by the Sentencing Commission in November 2010, after congressional enactment of the Fair Sentencing Act ("FSA") earlier that year. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Amendment 750 to the Guidelines, like Amendment 706, retroactively reduced the base offense levels for crack offenses. In his 2012 sentence reduction motion, Gaynor argued that Amendment 750 had reduced his base offense level to 30, and that, factoring in his three-level adjustment for acceptance of responsibility, his total offense level is now 27. As a result, according to Gaynor, his revised Guidelines range on the conspiracy offense should be 87 to 108 months. Because this revised range is below the 120-month statutory minimum for that offense, Gaynor maintained that the statutory minimum becomes both the top and the bottom of his revised Guidelines range, resulting in a range of 120 to 120 months. Notably, the government agrees that Gaynor's revised Guidelines range on the conspiracy offense — taking account of Amendment 750 — is now 120 to 120 months. See Br. of Appellee 17.

7

On March 12, 2012, the probation office submitted a memorandum to the district court evaluating Gaynor's 2012 sentence reduction motion. The memorandum recommended that the motion be denied, explaining that Gaynor was not eligible for an additional reduction, and asserting that,

> [a]lthough application of the Fair Sentencing Act of 2010 retroactive amendments results in a lower guideline imprisonment range, it does not have the effect of lowering the defendant's guideline range because the low end of the revised range in [the conspiracy offense] is the mandatory minimum sentence.

J.A. 40. On March 30, 2012, adopting the probation office's conclusion, the court denied Gaynor's 2012 sentence reduction motion, and his sentence on the conspiracy offense remained at 106 months. Gaynor has timely noticed this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review for abuse of discretion a district court's decision on whether to reduce a sentence under 18 U.S.C. § 3582(c)(2). See United States v. Goines, 357 F.3d 469, 478 (4th Cir. 2004). We review de novo, however, a sentencing court's determination of the scope of its authority under § 3582(c)(2). See United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009).

8

III.

A.

Generally, a sentencing court is not entitled to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nevertheless, a court possesses authority to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id. § 3582(c)(2). In those circumstances, the court may reduce the sentence, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

As the Supreme Court explained in Dillon v. United States, the applicable "policy statements" referred to in § 3582(c) are those found in Guidelines section 1B1.10. See 130 S. Ct. 2683, 2691 (2010). Pursuant to subpart (b)(2)(B) thereof, a sentencing court, upon granting a sentence reduction, may only impose a sentence below the amended Guidelines range if the original sentence was below the then-applicable Guidelines range due to a substantial assistance motion. In such a situation, the court possesses the authority to make a sentencing reduction that is "comparably less" than the amended Guidelines range. See USSG § 1B1.10(b)(2)(B). A reduction below the amended

9

Guidelines range is not authorized, however, if the amended Guidelines range is not lower than the prior range.

## B.

In this appeal, Gaynor maintains that he is eligible for a sentence reduction under Amendment 750 because his amended Guidelines range is now 120 to 120 months. According to Gaynor, this Guidelines range is lower than his 2009 amended Guidelines range of 120 to 135 months. He thus contends that the district court erred in denying his 2012 motion for a sentence reduction, in that the court erroneously perceived that his amended Guidelines range had not been lowered. The government responds that, because Gaynor's original sentence in 2005 was based on the 120-month statutory minimum — rather than on the applicable Guidelines range — a sentence reduction is not authorized by § 3582(c).

## C.

Put succinctly, Gaynor's new Guidelines range of 120 to 120 months is lower than his 2009 Guidelines range of 120 to 135 months.[4] Although the bottom of his Guidelines range did not

---

[4] In ruling on Gaynor's 2012 sentence reduction motion, the district court failed to explicitly identify the amended Guidelines range now applicable to Gaynor. Inasmuch as Amendment 750 lowered the Guidelines range on the conspiracy offense to a range below the statutory minimum, we are satisfied with the parties' agreement that Gaynor's Guidelines range is now 120 to 120 months. See United States v. Carter, 595 F.3d
(Continued)

10

change from 2009 to 2012, its upper boundary decreased by fifteen months, from 135 to 120 months. And a reduction of one of the boundaries of the applicable Guidelines range results in a lower range. See United States v. Garcia, 606 F.3d 209 (5th Cir. 2010) (affirming sentence reduction when 2007 amendments reduced defendant's Guidelines range from 240 to 262 months to 240 to 240 months").[5]

We acknowledge that a downward departure from Gaynor's present Guidelines range that would be comparable to the district court's departures in 2005 and 2009 would be eleven percent from the bottom of the applicable range — that is, his current sentence of 106 months. Gaynor maintains, however, that he is eligible for — albeit not entitled to — a reduction below

---

575, 580-81 (5th Cir. 2010) (explaining that when statutory minimum exceeds both boundaries of Guidelines range, range becomes statutory minimum "even if it involves a 'range' of only one number" (internal citations omitted)).

[5] Our recent unpublished decision in United States v. Gresham vacated a sentencing court's denial of a sentence reduction motion for the reasons underlying our ruling today. See 482 F. App'x 822 (4th Cir. 2012). In Gresham, the defendant's Guidelines range of 120 to 121 months had been reduced to 120 to 120 months after the issuance of Amendment 750. The district court denied a sentence reduction, however, concluding that Amendment 750 did not lower Gresham's Guidelines range. By our decision, we vacated the court's ruling and remanded, explaining that Amendment 750 "had the effect of reducing the high end of Gresham's Guidelines range by one month." Id. at 823. Although Gresham is not binding precedent, we are persuaded that it was properly decided.

11

106 months, and that the court erred by failing to recognize that point. See Br. of Appellant 13 ("Mr. Gaynor is not arguing that he is entitled to a reduction. However, because his sentencing range was clearly lowered by the FSA amendments, he is eligible to be considered for one."). Indeed, the court would not be obligated to further reduce Gaynor's sentence, even if a comparable reduction would result in a lower sentence. See USSG § 1B1.10(b)(2)(B) (explaining that reduction "may be appropriate" (emphasis added)). As we have hereto explained, however, a sentencing court is not bound to use any specific methodology in imposing sentence, especially where the prosecution has moved for a downward departure for substantial assistance. See United States v. Fennell, 592 F.3d 506, 509 (4th Cir. 2010) (explaining that sentencing court may use any reasonable method of calculating downward departure at resentencing and "is not limited by any specific method previously used"). Thus, the court erred in determining that Gaynor is ineligible for a further reduction, and in concluding that Amendment 750 did not have the effect of lowering his Guidelines range.[6] In such circumstances, we are constrained to

---

[6] Finally, we reject the government's contention that Gaynor's original 120-month sentence on the conspiracy offense was based on the statutory minimum, rather than the Guidelines range. As the district court explained in denying the government's 2009 motion for reconsideration, the court had
(Continued)

vacate and remand so that the court may consider whether to grant any further reduction for which Gaynor is eligible, with the caveat that he is not entitled to it.

                                IV.

Pursuant to the foregoing, we vacate the judgment and remand for such further proceedings as may be appropriate.


                                            <u>VACATED AND REMANDED</u>

---

sentenced Gaynor in 2005 to a term below the statutory minimum pursuant to § 3553(e). With that authority, the court granted Gaynor's 2009 reduction request and modified his sentence to 106 months. In so doing, the court necessarily determined that Gaynor was originally sentenced "based on" his then-applicable Guidelines range. The government did not appeal the 2009 sentence reduction ruling, and it is not now before us.